**Opinion issued October 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-25-00852-CV**

———————————

**IN RE TAMEIKA PRICE, Relator**

———————————

**Original Proceeding on Petition for Writ of Mandamus**

———————————

## MEMORANDUM OPINION

Relator, Tameika Price, filed a petition for writ of mandamus asserting that the "[r]espondent [j]udge(s) ha[ve] failed to perform the ministerial duty of ruling on timely and urgent motions."[1]  Relator's petition identifies as the "respondent" to her petition for writ of mandamus, the Honorable Nicole Perdue, the presiding judge of the 133rd District Court of Harris County, Texas.  However, relator's petition

---

[1]  The underlying case is *Tameika Price v. RPM Living LLC*, Appellate Case No. 01-25-00540-CV, in the Court of Appeals for the First District of Texas at Houston.

further states that the motions which form the basis of her petition include three motions filed on September 11, 2025 and September 12, 2025. The motions referenced by relator were filed in this Court in appellate case no. 01-25-00540-CV, in connection with a direct appeal relator filed from an underlying trial court case.

This Court's records indicate that on September 11, 2025, relator filed a "Motion to Strike Reporter's Record, Order Compelling the Official Court Reporter . . . to Prepare a Complete and Accurate Record of the Proceedings Held on June 16, 2025 and July 15, 2025 for Extension of Time to File Appellate Brief," and on September 12, 2025, relator filed a "Motion to Order Compelling the Official Court Reporter . . . to Prepare a Complete and Accurate Record of the Proceedings Held on June 16, 2025 and July 15, 2025 and for Extension of Time to File Appellate Brief." Also on September 12, 2025, relator filed a "Motion to Strike Reporter's Record and for Sanctions."

Relator's petition asserted that mandamus relief is necessary "because the pending motions directly challenge the integrity of the record." She therefore requested that this Court issue a writ of mandamus "compelling the Appellate Judge(s) presiding over Cause No. 01-25-0050-CV to immediately issue an order ruling on" her pending motions in this Court. The motions that are the subject of relator's petition for writ of mandamus were denied by this Court by an order dated October 16, 2025.

On October 17, 2025, relator filed an "Emergency Motion for Leave to File Amended Petition for Writ of Mandamus (Challenging October 16, 2025 Order)." In her motion, relator requested "leave to file an [a]mended [p]etition for [w]rit of [m]andmaus," and that this court issue a writ of mandamus compelling this Court to vacate the October 16, 2025 order.

An appellate court may issue a writ of mandamus against judges of a district, statutory county, statutory probate, or a county court in the court of appeals district. *See* TEX. GOV'T CODE ANN. § 22.221(b). Relator's petition for writ of mandamus requested that this Court issue a writ of mandamus against this Court. This Court lacks mandamus jurisdiction over an appellate court, specifically, itself. *See* TEX. GOV'T CODE ANN. § 22.221(b)–(c). Jurisdiction to issue a writ of mandamus against a court of appeals or a justice of a court of appeals lies with the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 22.002(a).

Accordingly, we conclude that we lack jurisdiction to grant the mandamus relief requested by relator. We therefore dismiss relator's petition for writ of mandamus for lack of jurisdiction. We dismiss any pending motions, including relator's "Emergency Motion for Leave to File Amended Petition for Writ of Mandamus (Challenging October 16, 2025 Order)" as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.